Mr. Tracy Ja'Mare Brown- T86155
California State Prison/Sacramento
P.O. Box 29
Represa, CA. 95671-0066

**In Pro.Per**

ēx parte

FILED
08 APR -7 PM 5:13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Tracy Ja'Mare Brown,
   Petitioner,

vs.

Scott Kernan, Warden,
   Respondent,

C 06-4194 MJJ (PR)

**MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR AUXILIARY FEES**

  Petitioner, a California prisoner, filed a habeas corpus petition pursuant to § 2254 raising four meritorious claims which violates Petitioners protected constitutional rights, effecting and or influencing the jury's verdict.

Prior to the filing of Petitioners Traverse on September 28, 2007, Petitioner filed a motion with this court, vaguely requesting appointment of counsel, said motion was long after denied on January 29, 2008, four months after the filing of Petitioners

//

1.

1  Traverse. The court found in its order denying Petitioners motion
2  that Petitioners claims "have already been adequately presented in
3  the petition and are not especially complex".
4  Petitioner now re-submits his motion for appointment of counsel on
5  new grounds, pursuant to 18 U.S.C § 3006A (a)(2)(B), "the interest
6  of justice so requires and such a person is financially unable to
7  obtain representation".
8  Petitioner prays for this court to consider the fact that specific-
9  ally, and primarily, Petitioners insufficient evidence claim is
10 especially complex (see Traverse at page 53-61). This issue is
11 based on both, the testimony of Dr. Van Meter, the pathologist in
12 this case, and ballistics expert Mr. Lansing Lee. Petitioners
13 insufficient evidence claim revolves around a plethora of medical
14 terminology and human anatomy consisting of the brain, and those
15 parts of the brain that may respond to trama, in this case, a
16 bullet wound that penetrated the brain, being found in the victims
17 cerebellum. Mr. Lansing Lee's testimony is similarly complex,
18 although dealing with ballistic terminology.
19 Although Petitioner presented the claim in which he now wishes to
20 redress in Traverse, it was not "adequately presented" due to
21 Petitioners incompetency to the above said experts terminology and
22 the effect, from a medical point of view, that such a wound would
23 cause to the human body. For similar reasons, Petitioner was unable
24 to present the science that supports his claim by the means of
25 Mr. Lansing Lee's testimony, which bolsters Petitioners claim
26 that the evidence against him is insufficient to convict him of
27 the crime of murder.
28 //

2.

1  Petitioner clearly points out that there is statutory authority
2  under which a court may appoint or assign counsel to assist a
3  pro per petitioner in litigating his criminal action.
4  See. Weygandt v. Look, 718 F.2d 954 (9th Cir. 1993); 18 U.S.C.
5  § 3006 (g). Thus, Congress had authorized the appointment of
6  counsel in 28 U.S.C. § 2254 proceedings to represent indigent
7  petitioners when the interest of justice require that counsel be
8  appointed.
9  Another primary consideration is the right of every litigant,
10 rich or poor, to equal consideration before the courts.
11 See Coppedge v. United States, 369 U.S. 438, 456 (1962). Even
12 without statutory authority federal courts, in a proper situation
13 or prevailing circumstances of a case, may assign counsel to ass-
14 ist an indigent state prisoner under the courts supervisory
15 powers and sound discretion; McNabb v United States, 318 U.S. 332,
16 346-347 (1943); also see The Supervisory Power of the Federal
17 Courts, 76 Harv. L. 1656.
18 Some courts hold counsel is not necessary "unless the circumstan-
19 ces of the particular case are such that counsel would be vital
20 to attain due process, or access to the courts". Eskidge v Rhay,
21 345 F.2d 778, 782 (9th Cir. 1965); Anderson v. Heinze, 258 F.2d
22 479, 482, 484 (9th Cir. 1958); Dillon v. United States, 307 F.2d
23 445, 447 (9th Cir. 1962); Bounds v. Smith, 430 U.S. 817, 823-832
24 (1977). At least one District Court has viewed in context of
25 habeas corpus that, unless the application could be dismissed
26 "summarily," counsel should be assigned to assist the impoverished
27 "layman prisoner"; Cullins v. Crouse, 348 F.2d 887, 889 (1965).
28 //

1  The facts that Petitioner has presented supports Petitioners
2  claim that the interest of justice requires appointment of
3  counsel to redress, specifically, Petitioners insufficient evide-
4  nce claim. Petitioners lack thereof, places Petitioner at a
5  disadvantage against the state and its various resources.
6  Petitioner wishes that the motion herein be granted and counsel
7  be appointed.

## II.

### MOTION FOR AUXILIARY FEES

If the court again finds that Petitioners case, specifically, issue #3, insufficiency of evidence claim is not complex to deserve such appointment of counsel, Petitioner in turn, reasonably request the court to provide funds for investigative services to (1) inquire and further investigate into the medical facts of Dr. Van Meters testimony, narrowly, the cause that such a wound can have on the brain and the funtion of the body etc. (2) To investigate the bullet casings in Petitioners case, specifically, the "deformed" bullet in which weigh 94.6 grains, in contrast to the bullet that was said to have weigh 98. grains. Here, there are investigative facts that has yet to be developed, therefore, the different weight of these two bullets are highly significant to the question of wheather the two casings found were fired from the same pistol, a pistol with similar characteristics, or a completely different weapon.

Petitioners lack of being provided with auxiliary funds may result in a miscarriage of justice, if such a claim, specifically,

//

4 .

1 | Petitioners insufficient evidence claim is denied by this court,
2 | either before counsel is appointed to <u>redress</u> the issue, or
3 | before the court provides auxiliary funds to investigate these
4 | complex matters and develope the effects of the facts brought to
5 | light at Petitioners trial, also those in which are yet to be
6 | revealed do to the field of expertise that must be studied
7 | precisely.
8 | Petitioner wishes that the motion herein be granted and auxiliary
9 | funds provided.

14 | Dated: 3/2/08                     Respectfully Submitted,
15 |                                   Tracy Ja'Mare Brown

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, **Tracy Ja'Mare Brown**, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

> C.S.P/Sacramento
> P.O.BOX 29
> Represa, CA. 95671-0066

On, **3.2.08**, I served the following documents:

**Motion for appointment of counsel and motion for auxiliary fees, (five pages)  ex parte.**

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. Norhtern District Court
   450 Golden Gate Avenue
   San Francisco, CA. 94102-3483

2. 

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this **2** day of **March**, **2008**, at California State Prison - Sacramento, Represa, California.

(Signature) _T.O.B_